1  **LEE & KAUFMAN, LLP**
   Martin J. Kaufman, Esq. (SBN 155672)
2  H. Jason Cohen, Esq. (SBN 188783)
   U.S. Bank Tower
3  633 W. Fifth Street, 51st Floor
   Los Angeles, CA 90071
4  email: MJK@lklaw.net
   Tel: (213) 239-9400
5  Fax: (213) 239-9409

6  Attorneys for Plaintiff/Counter-Defendant
   U.S. Textile Printing, Inc.,
7  Young Jin Textile Printing,
   Globe Apparel, Inc., Uno Clothing, Inc.
8  and Julie's Closet

9

10                    **UNITED STATES DISTRICT COURT**
11
                      **CENTRAL DISTRICT OF CALIFORNIA**
12

13
   U.S. TEXTILE PRINTING, INC., a   )   Case No. CV08-04139ODW (SSx)
14 California corporation,          )
                                    )   [Consolidated for purpose of discovery
15                                  )   with Case No. CV07-07658 ODW (SSx)]
              Plaintiff,            )
16    vs.                           )   **STIPULATION FOR ENTRY OF**
                                    )   **PROTECTIVE ORDER RE**
17 CREW KNITWEAR, INC., a           )   **CONFIDENTIAL DISCOVERY**
   California Corporation, ALLEN    )   **MATERIAL**
18 YUM, an individual, CHARMING     )
   SHOPPES, INC., a Pennsylvania    )   [F.R.C.P. Rule 26(c)]
19 corporation, FASHION BUG, an     )
   unknown business entity and DOES )
20 1 through 10, inclusive.         )
                                    )
21        Defendants                )
                                    )
22 CREW KNITWEAR, INC., a           )
   California Corporation,          )
23                                  )
              Counter-claimant,     )
24                                  )
                                    )
25 v.                               )
                                    )
26                                  )
   US TEXTILE PRINTING, INC., a     )
27 California Corporation,          )
                                    )
28        Counter-defendant.        )
                                    )
                                   -1-

**STIPULATION FOR ENTRY OF PROTECTIVE ORDER**

## GOOD CAUSE STATEMENT

This matter arises from Plaintiff's claims against Defendants for alleged infringement of several copyrights in and to certain graphic design patterns which the Plaintiff holds. Defendant Crew Knitwear, Inc. has also asserted a counter-claim against Plaintiff. Additionally, the matter of *Crew Knitwear, Inc. v. U.S. Textile Printing, Inc., et al.*, (USDC Case No.CV07-07658 ODW (SSx)), has been consolidated with this action for purposes of discovery only.

The discovery and pretrial phase of this action will involve the disclosure of the parties' respective trade secrets and other confidential and proprietary business, technical and financial information. Such information will likely take the form of such things as strategic corporate plans; trade secrets; customer-specific evaluations or data; personnel files; information subject to confidentiality or non-disclosure agreements; proprietary technical or engineering information; proprietary financial data or projections; and proprietary consumer, customer or market research.

The unauthorized disclosure of any of the aforementioned information would substantially harm and prejudice the legitimate commercial or privacy interests of the party whose confidential information was disclosed. Accordingly, good cause exists for the Court's entry of the parties' attached Stipulated Protective Order. *See Foltz v. State Farm Mutual Auto Insurance Company*, 331 F.3d 1122 (9th Cir. 2003); *Phillips v. General Motors Corporation*, 307 F.3d 1206 (9th Cir. 2002).

For all of the reasons stated above, and pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 26(c):

**IT IS HEREBY STIPULATED,** by the parties hereto, U.S Textile Printing, Inc., Crew Knitwear, Inc., Mr. Allen Yum, Charming Shoppes, Inc., and Fashion Bug, through their respective attorneys of record, that a Protective Order Governing Confidential Material ("Protective Order") including without limitation, any document, information, testimony, electronic systems, software, software and information passwords, customer information (including names, e-mail addresses, credit card information, log-in names, and customer

passwords), computer information (including computer data, passwords, and files), reports relating to the parties' financial information, business information and information regarding the parties' dealings and relationships with third parties (including banks, accountants, vendors, and off-site programmers), responses to requests to produce documents or other things, responses to interrogatories, responses to requests for admissions, deposition testimony and exhibits, or other things furnished by any party, including third parties, to any other party in connection with the discovery and pretrial phases of this action should be issued. The above list also includes all copies, extracts, summaries, compilations, designations, and is collectively referred to herein as "Information").

## DEFINITIONS

1. *"Matter"* means the matter captioned U.S. Textile Printing, Inc. v Crew Knitwear, Inc., et al, case number USDC CV 08-04139 ODW (SSx), which has been consolidated for purposes of discovery only with Crew Knitwear, Inc. v. U.S. Textile Printing, Inc., et al. (USDC Case No. No.CV07-07658 ODW (SSx)), before the United States District Court, Central District of California, and all subsequent appellate or other review proceedings related thereto.

2. *"Outside Counsel"* means the law firms that are counsel of record for any party in this Matter and their associated attorneys; or other persons regularly employed by such law firms including legal assistants, clerical staff and information management personnel and temporary personnel retained by such law firm(s) to perform legal or clerical duties, or to provide logistical litigation support with regard to this Matter; provided that any attorney associated with Outside Counsel shall not be a director, officer or employee of any party. The term Outside Counsel does not include persons retained as consultants or experts for the purposes of this Matter.

3. *"Producing Party"* means a party or third party that produced or intends to produce Confidential Discovery Material to any of the parties.

4. *"Expert/Consultant"* means experts or other persons who are retained to assist any party's counsel in preparation for trial or to give testimony at trial.

///
///

**STIPULATION FOR ENTRY OF PROTECTIVE ORDER**

5. *"Document"* means the complete original or a true, correct and complete copy and any non-identical copies of any written or graphic matter, no matter how produced, recorded, stored or reproduced, including, but not limited to, any writing, letter, envelope, telegraph meeting minute, memorandum statement, affidavit, declaration, book, record, survey, map, study, handwritten note, working paper, chart, index, tabulation, graph, tariff tape, data sheet, data processing card, printout, microfilm, index, computer readable media or other electronically stored data, appointment book, diary, diary entry, calendar, desk pad, telephone message slip, note of interview or communication or any other data compilation, including all drafts of all such documents. "Document" also includes every writing, drawing, graph, chart, photograph, phono record, tape, compact disk, video tape, and other data compilations from which information can be obtained; and includes all drafts and all copies of every such writing or record that contain any commentary, notes, or marking whatsoever not appearing on the original.

6. *"Discovery Material"* includes without limitation deposition testimony, deposition exhibits, interrogatory responses, admissions, affidavits, declarations, documents produced pursuant to compulsory process or voluntarily in lieu thereof, and any other documents or information produced or given to one party by another party or by a third party in connection with discovery in this Matter.

7. *"Confidential Discovery Material"* means all Discovery Material that is designated by a Producing Party as confidential and that is covered by Section 26(c)(7) of the Federal Rules of Civil Procedure and precedents thereunder. Confidential Discovery Material shall include non-public commercial information, the disclosure of which to any third parties would cause substantial commercial harm or personal embarrassment to the disclosing party. The following is a non-exhaustive list of examples of information that likely will qualify for treatment as Confidential Discovery Material: strategic plans (involving pricing, marketing, research and development, product roadmaps, corporate alliances, or mergers and acquisitions) that have not been fully implemented or revealed to the public; trade secrets; customer-specific evaluations or data (e.g., prices, volumes, or revenues); personnel files and evaluations; information subject to confidentiality or non-disclosure agreements; proprietary technical or engineering information;

proprietary financial data or projections; and proprietary consumer, customer or market research or analyses applicable to current or future market conditions, the disclosure of which could reveal Confidential Discovery Material.

## TERMS AND CONDITIONS OF PROTECTIVE ORDER

1. ***Designation of Confidential Discovery Material.*** The producing party may designate Confidential Discovery Material by stamping or affixing to the physical objects or documents or tangible embodiment of Information, a legend which includes the following language:

   (a) For written material, documents, computerized data or technology, or tangible items, the designation of "Confidential Discovery Material" will be made when the qualified recipient (as defined in paragraph 3, below) is provided a copy of the writing or thing;

   (b) For non-written material, documents, or tangible items, or Discovery Material that cannot be conveniently designated as set forth in this paragraph, the producing party will designate the Confidential Discovery Material by written notice to the receiving party when the Confidential Discovery Material is produced.

2. ***Party's Own Information.*** Nothing herein shall prevent a party from using or disclosing its own documents or Information. Nothing herein shall prevent the parties from mutually agreeing to the use or disclosure of Information that has been designated as Confidential Discovery Material, other than as permitted by this Stipulation.

3. ***Persons Authorized to Receive Confidential Discovery Material.*** For purposes of this Stipulation, the term "qualified recipient" shall mean, with respect to Confidential Discovery Material that is designated as "Confidential Discovery Material", the following:

   (a) Outside Counsel of record for the parties in this action, and other attorneys, clerical, paralegal and other staff employed by such outside counsel;

   (b) Independent consultants, investigators, or experts retained by a party for the prosecution or defenses of this action, provided that they agree in advance to be bound by the terms of this Stipulation and sign the Agreement to be bound by this Stipulation in the form of Exhibit A attached hereto.

1  (c) Such officers, directors, or employees of the parties who are actively assisting such parties in the prosecution or defense of this action, excluding the named parties, and for no other purpose.

(d) The Court and court personnel;

(e) Any other person as to whom the producing party agreed in writing and provided that they agree in advance and sign the Stipulation Agreement in the form of Exhibit A, attached hereto;

(f) Any stenographer or court reporter present in his or her official capacity at any hearing, deposition, or other proceeding in this case.

**4. *Documents Subject to "Confidential – Attorney-Eyes Only".*** Notwithstanding a qualified recipients, as defined in Paragraph 3 above, with regard to Confidential Discovery Material which the responding party asserts should not be disclosed to or seen by the requesting party or parties themselves, the parties hereto agree as follows:

(a) The Responding Party shall clearly designate that the proffered "Information" is not to be disclosed to the Requesting Party by marking them "CONFIDENTIAL – ATTORNEYS EYES ONLY";

(b) Except with the prior written consent of the producing party or parties, or upon prior order of the Court obtained on noticed motion, such "CONFIDENTIAL– ATTORNEYS EYES ONLY" Information and/or documents shall not be disclosed in this action to any persons other than those listed in subparagraphs 3(a), (b), (d), and (f). Prior to access to such documents and/or Information, excluding subparagraph 3(b), all such persons shall be advised of and shall agree to become subject to the provisions of this Stipulation and Protective Order by signing the Agreement to be bound by the terms of this Stipulation, in the form attached hereto as Exhibit A. Counsel for each party shall retain for the duration of this lawsuit, all such Agreements that the counsel has caused to be executed, which shall not be disclosed to other parties or counsel except as provided herein, or by order of the Court.

**5. *Discovery Material Produced During Discovery.*** At the request of the producing party, all Discovery Material produced during discovery will initially be considered as a

whole to constitute "Confidential Discovery Material," subject to the "Confidential – Attorneys Eyes Only" provisions in Paragraph 4 above. After the qualified recipient has indicated that the Discovery Material to be produced via copying or otherwise, and before such Discovery Material is released to the qualified recipient, the producing party will have fourteen (14) days thereafter to review the indicated Discovery Material and mark such Discovery Material which it determines to contain "Confidential Discovery Material" and whether such confidential Information is subject to the "Confidential – Attorneys Eyes Only" provision of this Stipulation and Protective Order.

6. **Removal.** A party may seek removal of particular items as Confidential Discovery Material from this Stipulation by giving counsel for the other party written notice of its intent to seek removal, supported by reasons for the removal, and specifying the items of Confidential Discovery Material for which removal is sought. The parties will confer to attempt to resolve the objection(s), if any. If the parties cannot resolve objections within seven (7) calender days after actual receipt of the written objection, the party seeking removal must then seek an order of the Court to remove said Confidential Discovery Material, by way of noticed motion.

7. *Use of Confidential Discovery Material.* Any Confidential Discovery Material shall be handled by the receiving party in accordance with the terms of this Stipulation. Confidential Discovery Material will:

    (a) be held in confidence by each receiving party;

    (b) will be used by each receiving party for purposes of this action only and not for any business or other purpose unless agreed to in writing by all parties to this action or as authorized by further order of the Court; and

    (c) will not be disclosed to any person who is not a qualified recipient except as provided in this order. If a consultant, investigator or expert, as defined in paragraph 3(b), above, retained by a party is a current or former employee, officer, director or owner of any entity that competes with any of the parties to this Stipulation, or if the retaining party has any reason to believe that the retained person intends to disclose Confidential Discovery Material to any entity that competes with any of the parties to this Stipulation the party retaining that person,

before disclosing any Confidential Discovery Material to that individual, shall notify the opposing party of the identity of the proposed recipient and provide sufficient Information to enable the producing party to determine whether or not to object to such disclosure. The opposing party shall have three (3) days from such notice in which to object to such disclosure and ten (10) days from such notice to move for a protective order if the parties are unable to reach an agreement after such objection. If a motion for a protective order is filed, the party that retained the person may not disclose any Confidential Discovery Material to that person until the motion is resolved. With regard to this category of person, it is the responsibility of the retaining party to timely determine whether notice to the producing party is required under this paragraph. Except as provided herein, the Federal Rules of Civil Procedure shall govern the discovery of experts and nothing herein shall expand those rights of discovery.

Any and all Confidential Discovery Material, as defined above, shall be maintained to preclude access by persons who are not qualified recipients. The parties further understand and agree that they are not to use any such Confidential Discovery Material disclosed during the course of this lawsuit to disparage, ridicule, criticize or otherwise negatively comment upon any party's business or employees to any non-party, in any way, shape or form, other than the presentation of evidence and arguments in this lawsuit. Furthermore, the parties acknowledge, understand and agree that they are not to use any Information disclosed during the course of this lawsuit to gain any commercial advantage, or for any commercial or business purpose, in any manner.

8. *Copies of Confidential Discovery Material.* Confidential Discovery Material shall not be copied or otherwise reproduced by a receiving party, except for transmission to qualified recipients, without the prior written permission of the producing party, or by further order of the Court. Nothing in this Stipulation shall restrict a qualified recipient from making working copies, abstracts, digests, and/or analyses of such "Confidential Discovery Material" for use in connection with this action. All working copies, abstracts, digests, and analyses will be considered Confidential Discovery Material under the terms of this order.

///

9. ***Transmission of Information.*** Nothing in this Stipulation shall prohibit the transmission or communication of Confidential Discovery Material between or among qualified recipients:

    (a)    by hand delivery;

    (b)    by face-to-face conference;

    (c)    in sealed envelopes or containers via the mail, or any other established freight, delivery, and/or messenger service; or

    (d)    by telephone, telegram, facsimile, or other electronic transmission system if, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted or misused by any person who is not a qualified recipient.

10. ***Court Procedures.*** To the extent that the parties intend that any pleading, paper or other document filed with the Court contains, reflects, incorporates, or otherwise refers to Confidential Discovery Material, such papers shall be accompanied by an application to file said pleading(s), paper(s) or other document(s), or the confidential portion(s) thereof, under seal, pursuant to Local Rule 79-5.1. The application shall be directed to the judge to whom the aforementioned pleading(s), paper(s), or other document(s) are directed.

Pending the ruling on the parties' aforesaid application, such pleading(s), paper(s), or other document(s), or those portions thereof which are subject to the sealing application shall be lodged under seal.

11. ***Testimony.*** Any person may be interviewed and examined as a witness at depositions and may testify concerning all Confidential Discovery Material of which the person has prior knowledge. If an interview or examination concerns Confidential Discovery Material, the producing party will have the right to exclude from the portion of the examination or interview concerning the Confidential Discovery Material any person other than a witness, the witness(es)' attorney(s), if that attorney is an authorized qualified recipient, and other qualified recipients of the Confidential Discovery Material. If the witness is represented by an attorney who is not a qualified recipient, then before the interview or examination, either the producing party shall be afforded the opportunity to seek a further protective order, or the attorney will be requested to

execute an Agreement to be bound by the terms of this Stipulation, in the form attached hereto as Exhibit A, as to any and all Confidential Discovery Material disclosed during the course of the interview or examination. If the attorney refuses and/or fails to execute Exhibit A, the parties' attorney(s), before the interview or examination, shall seek a further protective order from the Court prohibiting the attorney from disclosing the Confidential Discovery Material.

**12.   *Depositions.*** Deposition testimony may be designated, in whole or in part, as Confidential Discovery Material by oral designation on the record, in which case the person making the designation shall instruct the Court Reporter to separately bind the portions of the deposition transcript that have been designated "CONFIDENTIAL DISCOVERY MATERIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY", and stamp or write the designation, as appropriate, on each page. Additionally, each party shall have an opportunity after receipt of the transcript of any deposition within which to notify the other party in writing of the portions of the transcript that it wishes to designate as Confidential Discovery Material. Specifically, each party shall have ten (10) days after receipt of the transcript of any deposition (as certified by the Court Reporter) within which to notify the other party in writing of the portions of the transcript that it wishes to designate as "CONFIDENTIAL DISCOVERY MATERIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY." Prior to the expiration of such ten (10) day periods, all Information disclosed during a deposition shall be treated as though designated "CONFIDENTIAL – ATTORNEYS EYES ONLY", unless otherwise agreed by the parties and the witness, or ordered by the Court. Upon being informed that certain portions of a deposition are designated "CONFIDENTIAL DISCOVERY MATERIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY", each party shall cause each copy in their custody and control to be marked immediately.

**13.   *Subpoenas.*** The statutory provisions of FRCP, Rule 45 shall govern the process by which the parties may serve, quash and/or comply with a subpoena to a third party having possession, custody, or control of any Confidential Discovery Material.

**14.   *Attorneys' Actions.*** Nothing in this order will bar or otherwise restrict an attorney who is a qualified recipient from:

///

      (a)    advising his or her client with respect to this action; or,

      (b)    generally referring to or relying on his or her examination of Information that has been produced pursuant to this Stipulation and Order, and which comprises Confidential Discovery Material.

In rendering such advice or in otherwise communicating with his or her client, the attorney shall not disclose the specific content of any document produced by the producing party or the Confidential Discovery Material contained in any document produced, if disclosure would not otherwise be permitted under the terms of this order.

**15.** *No Waiver.* The taking of, or the failure to take, any action to enforce the provisions of this Stipulation and Order, or the failure to object to any designation or any such action or omission, will not constitute a waiver of any right to seek and obtain protection or relief, other than as specified in this order, of any claim or defense in this action or any other action, including but not limited to, any claim or defense that any Information:

      (a)    is or is not relevant, material, or otherwise discoverable;

      (b)    is or is not confidential or proprietary to any party;

      (c)    is or is not entitled to particular protection; or,

      (d)    embodies or does not embody trade secrets or confidential research, development, or commercial information, or otherwise Confidential Discovery Material of any party.

In making this claim or defense the party must comply with the procedures described in this Stipulation and Order. This Stipulation is entered without prejudice to the right of any party to apply to the Court at any time to relax or rescind the restrictions of this Stipulation, when convenience or necessity requires. The procedures set forth in this Stipulation shall not affect the rights of the parties to object to discovery on grounds other than those related to trade secrets or proprietary Information claims, nor will they relieve a party of the necessity of proper response to discovery devices.

///

///

16. ***No Probative Value.*** This Stipulation and Order shall not abrogate, diminish, or otherwise obviate any contractual, statutory, or other legal obligation or right of any party or person with respect to any Confidential Discovery Material. The fact that Information is designated as Confidential Discovery Material under this Stipulation and Order shall not be considered to be determinative of what a trier of fact may determine to be confidential or proprietary.

Absent an enforceable stipulation of all parties, the fact that Information has been designated as Confidential Discovery Material under this Stipulation and Order will not be admissible during the trial of this action, nor will the jury be advised of this designation.

The fact that any Information is disclosed, used, or produced in discovery or at trial in this action will not be construed to be admissible or offered in any action or proceeding before any court, agency, or tribunal as evidence that the Information:

(a) is or is not relevant, material, or otherwise admissible.

(b) is or is not confidential or proprietary to any party;

(c) is or is not entitled to particular protection; or

(d) embodies or does not embody trade secrets or confidential research, development, or commercial Information, or otherwise Confidential Discovery Material of any party.

17. ***Return of Information.*** At the conclusion of this action all Information will, on request of the party furnishing the Information:

(a) Be delivered to the party that furnished the Confidential Discovery Material; or

(b) Be destroyed, in which event counsel will give written notice of the destruction to opposing counsel except for the Confidential Discovery Material contained in the Court's file.

All Confidential Discovery Material not embodied in written materials, documents, or tangible items will remain subject to this order.

///

**STIPULATION FOR ENTRY OF PROTECTIVE ORDER**

18. ***Court's Jurisdiction.*** The Court retains jurisdiction to make amendments, modifications, deletions, and additions to this Stipulation and Order, as the Court from time to time may consider appropriate. The provisions of this Stipulation and Order regarding the use or disclosure of Information designated as "Confidential Discovery Material" shall survive the termination of this action; and the Court shall retain jurisdiction with respect thereto.

19. ***Notices.*** Any of the notice requirements in this Stipulation may be waived, in whole or in part, only by a writing signed by the attorney of record for the party against whom such waiver is sought.

20. ***Modifications/Amendments.*** This Stipulation and Order can only be modified and/or amended by a subsequent written Stipulation of the Parties, or Court Order after a noticed motion is heard.

Dated: 3/17/09

LEE & KAUFMAN, LLP

By: _____
Martin U Kaufman, Esq.
H. Jason Cohen, Esq.
Attorneys for Plaintiff,
US Textile Printing, Inc., et al.

Dated: 3/16/09

LIM, RUGER & KIM, LLP

By: _____
Bryan King Sheldon, Esq.
Attorneys for Defendants,
Crew Knitwear, Inc., Allen Yum,
Charming Shoppes, Inc., and
Fashion Bug

IT IS SO ORDERED.
DATED: 4/9/09

_____
UNITED STATES MAGISTRATE JUDGE

-13-

**STIPULATION FOR ENTRY OF PROTECTIVE ORDER**